on the clerk, and with that you may call the first case. 13-22-87, United States of America v. Samuel Charles Richardson, oral argument, and that's where we see 15 minutes for time, Ms. Carlotta for the defendant's appellate. Good morning, your honors. I'm Alastair Newbern from the Vanderbilt Law School Appellate Litigation Clinic. I'm counsel of record for appellant Samuel Richardson, and with the court's permission, argument today will be given by third-year law student Christine Carlotta, who has been certified by this court. Yes, we've granted the motion, and we look forward to the argument. Thank you. You may proceed. Thank you, your honor. Before we begin, I would like to reserve three minutes for rebuttal. Very well. Thank you. May it please the court, there were a number of legal errors made at Mr. Richardson's trial and sentencing regarding the admission and suppression of evidence and the calculation of career offender status. Primary among these errors was the admission of Mr. Richardson's 1998 conviction for distribution of narcotics, which irreparably tainted Mr. Richardson's trial. The government introduced only the fact of conviction, and consequently the jury could have only used it for an impermissible propensity inference. This is in violation of this court's holding in Bell, which only allows the introduction of a prior drug distribution conviction if it is sufficiently related to the present crime by a similar scheme or modus operandi. This error was compounded by the fact that the government gave no notice of its intent to introduce 404B evidence until the middle of trial, and the district court applied the wrong prejudice standard when admitting the evidence. As a result, the jury convicted Mr. Richardson of possession with intent to distribute cocaine. This qualified him for career offender status, which sentenced him to 16 more years in jail than he otherwise would have received had he been convicted of simple possession. This was the principal error at Mr. Richardson's trial. However, the district court also wrongly admitted his stale 1998 conviction under federal rule of evidence 609A rather than 609B, and wrongly refused to consider the timeliness inquiry when determining whether Mr. Richardson qualified for career offender status. These errors further invalidated Mr. Richardson's conviction and 262-month sentence. Rule 404B expressly prohibits the inference, once a drug dealer, always a drug dealer. When the government introduced Mr. Richardson's prior conviction to the jury, all it said was nothing other than it could, quote, go towards the intent portion of the crime. Assuming it was error to admit it, why wasn't it harmless given all the other evidence? Your Honor, this error was not harmless because the other evidence introduced at trial was not overwhelming. All we knew was Mr. Richardson was found with a small amount of cocaine. The physical evidence also found in the house could have indicated use or distribution, and we knew Mr. Richardson was a user. Furthermore, there was no direct evidence of distribution. Well, how does the scale and the baggies with the corner cut off, how does that indicate use in the cutting tool? How does that indicate use and not distribution? Your Honor, the scale and the razor could have indicated that he purchased for himself a slightly larger amount of cocaine. He only had approximately nine grams, and the baggies were not found anywhere near the cocaine. They were found in his kitchen. But they were missing the corners, weren't they? They were in the trash pull, Your Honor. In his house, they were not missing the corners. Furthermore, the alleged confessions came in only through police testimony, which were based off of memory and equivocal at best. The government also thought that this, excuse me, that this evidence, that this conviction had substantial weight because it led with that evidence at its closing. It was the first piece that the jury heard when the government closed its case. This court in Jenkins has stated that once a prior drug conviction has been improperly admitted, it has a Kong-like prejudicial effect on the jury, and it irreparably taints the entire proceedings. Because this propensity inference is so likely, it effectively nullifies the other evidence when it's admitted. Furthermore... Was the problem that the similarity of the facts of the two offenses were so different, or is it the remoteness in time that really poses the problem here? Your Honor, it was both. The conviction was 15 years old. It was very stale. And furthermore, there was no indication that the crimes were at all similar. We were only given the fact of conviction. None of the underlying facts were introduced by the government to show any sort of relationship between the prior conviction and the present crime. Intent, as used in 404B, is a very narrow example of non-propensity reasoning. It means the intent to commit this specific crime under these specific circumstances at this specific time. It is not the kind of generalized knowledge or prior experience that the government would make it out to be. The government's intent theory under 404B would swallow the rule. No prior crime under this theory would ever be excluded. Bell spoke precisely to this concern by requiring more than just the fact of conviction. Bell's holding prevents propensity reasoning by limiting the introduction of a prior conviction to only— by limiting the admittance of a prior drug conviction to only those that are sufficiently related to the present crime by similar scheme or modus operandi. Isn't Bell, though, somewhat in controversy within our court here? It is, Your Honor. Judge Kethledge suggested that there was a tension between Bell and this court's holding in Benton. However, Bell merely gives shape to what the prior precedent in the circuit held. Benton, for example, required still that there was a same—that there must be some sort of a same scheme. I believe the decision in Bell suggested that while the prior acts don't need to duplicate exactly the present crime, they still must be sufficiently analogous to support an inference of criminal intent. Of course, the more analogous they are, you could also argue the more dangerous they are. That's true, Your Honor. And that is the sort of balancing that the judge will have to take into effect. But at the very least, that indicates that it does go towards a proper use of evidence, whereas here, even though we have the magic word intent, it can only go towards a propensity. Do these alleged errors impact the felon in possession charge? No, Your Honor. The felon in possession charge was stipulated to a trial. The only question at this trial was whether or not he intended to distribute. Furthermore, the district court's central error at sentencing was finding that the fact that Mr. Richardson served less than 13 months for his 1997 conviction was not relevant to career offender status. It was relevant to, Your Honor. When a conviction is 15 years old and the defendant had served fewer than 13 months, it may not count towards career offender status. Here, the district court did not consider this timeliness factor at all. That is a clear error, and we are asking for remand for resentencing on this issue. Furthermore, the district court applied the wrong standard of prejudice when evaluating whether to admit the prior conviction. Instead of applying the 404B specific inquiry, they applied the general prejudice inquiry. The standard should have been whether the evidence carried a serious danger of unfair prejudice to the defendant. Instead, the district court asked whether the evidence would unduly inflame or upset the jury when it improperly allowed Mr. Richardson's prior conviction into evidence. Additionally, the government gave no notice of its intent to introduce 404B evidence at trial. In fact, no one mentioned 404B until the district court suggested that the government might be able to admit the evidence under this rule. This was both after the government had closed its case and, more importantly, after Mr. Richardson had decided not to testify in order to avoid admittance of this prior conviction under 609. 404B requires that the government provide express notice of its intent to introduce a prior drug conviction before trial. This notice was critical because it dictated how Mr. Richardson's counsel structured his entire defense. Not only did it affect how Mr. Richardson's counsel advised Mr. Richardson on whether or not to testify, but it also affected what conditions Mr. Richardson's counsel stipulated to, how he structured his opening, how he structured his cross-examination, and what evidence he objected to when the government presented its case. Well, had this played out a little differently, if he had elected to testify, then the government would have been introducing these priors. Correct, Your Honor. So that would have had to, the calculus to the defendant was sort of the same, wasn't it? No, Your Honor. The calculus to the defendant was, Your Honor, the calculus to the defendant himself may have been very similar, whether or not to testify to admit these prior convictions. But it was not simply whether he testified, it was also his ability to mount an effective defense, which he was not able to do without any sort of notice. He did have notice of the government's intent to introduce 609 evidence. Which would have resolved itself by not testifying. Excuse me, Your Honor? It would have resolved itself by not testifying, right? They knew going in that they could keep it out if they didn't testify. Yes, Your Honor, but the problem was that once the evidence was introduced, the evidence was raised... They didn't know that they might have a problem with the conviction even if he didn't testify. They thought if he didn't testify, the evidence wouldn't have been introduced at all. Right. Did I answer your question, Your Honor? I was trying to help you answer, Judge. Thank you. Thank you. But counsel didn't raise this objection at trial, right? Correct, Your Honor. I mean, nobody said, look, Judge, I mean, we knew we'd keep it out if he didn't testify. Now, this is a completely different case. He didn't say that. Correct, Your Honor. So this should be reviewed under plain error because he waived this objection at trial. However, this error is plain because it did affect Mr. Richardson's fundamental right to mount an effective defense and to testify. Because he made the decision not to testify under 609 before 404B was even raised. So the timeline is also a bit different there. Finally, the district court appears to have applied the wrong federal rule of evidence when it admitted Mr. Richardson's stale prior conviction. Mr. Richardson's conviction was more than 10 years old and should have been evaluated under 609B, which carries the presumption against admission. And counsel agreed, though, right? Counsel didn't argue this either, right? No. This also must be reviewed under plain error, Your Honor. But had Mr. Richardson ---- permission to finish, Your Honor? Excuse me. You can finish your sentence. Yes. Finish your thought quickly, if you would. Yes, Your Honor. Mr. Richardson specifically declined to testify in order to avoid admittance under Rule 609A. Had the more exacting standard of 609B been applied, he may not have needed to make that decision. Thank you. I have one question. Do you have a case that supports your position on the conviction for which he was actually incarcerated for only how many months? I know it was less than a year. Yes, Your Honor. Robertson is dispositive on this issue. Okay. Thank you. Thank you very much. Thank you. Good morning, and may it please the Court. My name is Gabriel Mendlow, and I represent the United States. Good morning. I think I'd like to begin by going over the timeline of the District Court's rulings with respect to Rule 404B and Rule 609, and following up on one of Judge White's questions. After the cross-examination of Agent Bowden, who would turn out to be the last witness called by the government, the Court asked the prosecutor, are you done with your case? And in essence, she said, I think so, but I need to go over my exhibits and make sure that everything has been admitted. Then there was a discussion on the record about whether there would be an instruction on simple possession in this case. And there was a discussion in particular about whether Mr. Richardson would need to testify at trial in order to get an instruction on simple possession as an alternative to intent to distribute. In the context of that discussion, the government mentioned that if Richardson did testify, it would use his prior conviction under Rule 609 to impeach him. And the defense attorney responded by saying, I don't think, in essence, he said, I don't think it's admissible under 609 because it doesn't go to dishonesty. That was an incorrect statement of law. The judge corrected him and said, no, 609 would apply. The only question, and I'm quoting now from the record, this is at 852, the only question, and this is the district judge speaking, the only question is whether or not you can use that, the prior conviction, under 404B just to show consistency with respect to approach. It was the judge who first mentioned 404B on the record. Now, it's just implausible to suppose that the judge brought up 404B sua sponte. The judge, obviously, had been put on notice by the government that the government was at least contemplating introducing 404B evidence. And if the government had noticed the judge, then the government, obviously… Are you inferring this or are you going to show us in the record where the government brought it up? It's an inference, Judge White. There is no unequivocal record of pretrial notice. Well, that's just not… I wouldn't make that inference just because the judge brought it up. If you don't make that inference, I think that's a fair reading of the record. But 404B requires pretrial notice. It doesn't require that the proponent of 404B evidence create a record of pretrial notice. Well, usually there's a notice. It's in the file. Notice can be given in any form. It can be given in the form of a letter. It can be filed with the court. It can be docketed. It needn't be under the terms of the rule. It clearly wasn't in this case. If notice was given, an unambiguous record of that fact was not made. Well, given that the government had, for all practical purposes, rested, it's a strange time to ask about additional evidence forthcoming from the government, isn't it? Not in the context of this trial, Your Honor, because it was at that point that the defendant made it clear that he was going to argue that he was merely a drug user. That brought the issue of whether he had intended to distribute his drugs to the four. In fact, it made it the sole issue at trial. And when the district court the next day admitted the 404B evidence, it said that the primary reason why it was admitting the 404B evidence is that the defendant had made it clear he was raising the defense of mere user, mere possession, that he was not intending to, that he had not intended to distribute it. And it was in light of that development at trial. So why shouldn't you have been required to prove your case based upon the evidence you had and basically arguing to the jury that a mere user doesn't have scales, a mere user doesn't use razor blades, a mere user doesn't have the other side of the baggie with the corner cut off? Why should you have been able to say, well, he's arguing he's a mere user, but, you know, back in 1998, he was convicted for distribution? I mean, isn't that exactly what you're not supposed to be able to do? No, Your Honor. Under the law of this circuit, at least as I read it, it seems as though in every case like this one in which the defendant conceded possession, he conceded that the drugs were his and made intent the sole issue at trial, this court has never held that a district court committed reversible error or error of any kind in allowing the government to introduce evidence of prior drug distribution activity to show intent. It's striking that Mr. Richardson can't cite a single case like this one where the sole issue at trial was intent, in which the district court excluded the evidence or the Sixth Circuit held that admitting the evidence was error. There's not a single case like that as far as I know in this circuit or in any other. Even if it was error to admit the evidence, though, the error was harmless. The evidence of the defendant's intent was very strong. He confessed to multiple law enforcement officers. He said he sold crack to put shoes on his kids' feet. He adamantly insisted that he was not a user, and he also told one of the law enforcement officers that in his house there was a little bit of dope. Only a drug dealer would describe 9 grams of crack as a little dope that's divisible into 90 servings, individual rocks. That's another assumption on your part, I think. How so, Your Honor? I think that's another assumption on your part, that only a drug dealer would have described that manner as a little bit of dope. But apart from that, you know, the catch-22 that the government always finds itself in with these 404 cases is that, and you just illustrated it, you say, oh, by the way, it makes no difference because the evidence was so overwhelming. Well, my question then, if it was so overwhelming, why did you enter this minefield? Because it's always a minefield. Well, you know, you could flip that around and make it a catch-22 for the defendant as well. If the evidence was merely piling on, if the 404B evidence was cumulative over the other evidence, isn't that a concession that the evidence of intent was overwhelming? But to answer your question, the evidence of the defendant's prior use in this case corroborated a host of circumstantial evidence, including the drug distribution paraphernalia in his house. He had made intent the sole issue at trial. So far, as the government is aware, there is no precedent standing for the proposition that in a case like that, this evidence isn't admissible. That's why it was introduced. In the case of United States v. IU, A-U-O-U, A-Y-O-U-B, which is a 2007 case, pre-Bell, by the way, the government found that it was not error to admit 404B evidence. In a case in which the defendant had confessed, like he had in this one, there was plenty of other evidence of guilt, distribution paraphernalia, and the Sixth Circuit in that case credited the defendant's description of the government's other evidence of intent as overwhelming. So in that case, the Sixth Circuit essentially said, even when there's overwhelming evidence of guilt, it's not necessarily error to admit 404B evidence. And how old was that conviction, and was it simply the fact of conviction, or was there some connection? That conviction was five years old, and I can't off the top of my head answer your second question. No doubt the conviction in this case was at the older end of the spectrum in Mr. Richardson's case, not the oldest that this Court has upheld the admission of. In the case of United States v. Bemis, B-E-A-M-U-S, that's 110 Federal Appendix 513. It's an unpublished case from 2004. The Court upheld the admission of a 16-year-old conviction where the only stated similarity between the prior conviction and the charged offense was that they both involved drug trafficking. But to repeat the point I made earlier, the remaining evidence that Mr. Richardson had intended to distribute these drugs was very strong. Besides his multiple confessions, there was the fact that he had what the narcotics investigator who testified at the trial described as a distribution quantity, and there were the scales. The digital scale was coated in cocaine. It was right next to a razor blade and the crack in this case. There were four boxes of baking soda in the kitchen. Twice law enforcement officers pulled from the trash outside Mr. Richardson's house, including the day before the search, plastic baggies with the corner cut off, which the narcotics investigator who testified at trial explained as a classic sign of drug distribution. Crack dealers package crack for distribution by secreting the rocks into the corners of plastic sandwich baggies, tying them off and separating them, as the narcotics investigator testified. In a drug user's house, and by the way, there was no evidence of drug use in Mr. Richardson's house, no pipes, no wire mesh, no burnt foil or burnt cans. The investigator said in a drug user's house you'd expect to find the corners of the plastic baggies. Nobody said that they found that. In a drug dealer's house you'd expect to find the plastic baggies, or in his trash, you'd expect to find the plastic baggies with their corners cut off. And I can't remember, were you the trial attorney? I was not. So maybe you can't answer this question. I'd be happy to speculate. Yeah, that's obvious. Why hadn't the government already introduced this? There's a lot of talk that you knew his theory was going to be that he was just a user. So why do you get to this point where the judge almost has to coach you to put the evidence in? I don't think it had been resolved. The question of what the defendant's defense would be, mere user or innocent bystander, hadn't been resolved until the government was nearing the close of its case in chief. But beyond that I could only speculate. Well, I can conceive of, you know, there's other ways he could have raised possession, I mean user, than testifying himself. I presume he could have had his mother or his girlfriend or someone say, this guy was a stone drug user, he never sold anything. That's true. And at that point it seems to me then the issue of intent, you'd be in a much firmer footing if that was the posture in which this matter came up. I'll convey that recommendation to my colleagues. This is the record as it's presented. And when it did come up, there was a break in the trial. Three and a half hours went by. There was a discussion in chambers both about the 404B issue and about the 609 issue. After that break, the court was reconvened and the issue of whether there would be an instruction on simple possession was resolved at that point. So it had not been resolved at the point at which the district court, as you say, prompted the government to consider introducing this evidence. And Mr. Richardson said that he wasn't going to testify. And immediately after he said he wasn't going to testify, the court says, now we need to discuss the remaining issue, the 404B issue, which might have some bearing on that, he said, which is obviously a reference to the defendant's decision not to testify. And then he said, it remains, the government hasn't closed its case, it remains open at least until tomorrow morning, and we have to resolve the issue of whether the 404B evidence is admissible. That was, I believe, the discussion in chambers. That's a direct quote from the district judge. So clearly there had been a discussion of the possibility of this 404B evidence coming in before the defendant decided that he wasn't going to testify at the trial, which I think gives the lie to the defendant's claim that there was a bait and switch pulled here. When he decided not to testify, he knew that the 404B evidence might come in, and it didn't. Did the defendant reserve opening statement until after the prosecutor's case? No, the defendant made his opening statement at the beginning of the trial. And did he argue simple possession or present? He made claims along those lines, Your Honor, and he conceded possession of the gun. So then the government made an argument the next day. After the trial attorney had asked, they said he understood the issue and asked for some time to prepare and he would like to make his argument the next day. And the issue was resolved and the 404B evidence came in at that point. I would like to say a word or two about the remaining issues in the case, but I'm happy to continue to discuss 404B. I'd like to hear about the sentencing issue. With regard to the sentencing issue, it seems that the defendant wants a remand for a new sentencing to make an argument that he did make below and which the district court rejected. He argued that his 1998 conviction shouldn't count toward his status as a career offender because it had been suspended before he'd served 13 months. He had a chance to make this argument in a brief. The brief had multiple attachments to it, transcripts of state court proceedings and pre-sentence investigation reports conducted by state authorities. The government responded and argued that there was no evidence that the sentence in fact had been suspended and that the district court didn't, that the Department of Corrections in Michigan, which apparently had released the defendant before 13 months, didn't have the authority to suspend a sentence anyway. And the court considered these arguments and rejected the motion to find that Richardson would not qualify as a career offender if he were convicted at trial and concluded his opinion by saying, the defendant has offered no proof that the Michigan Department of Corrections had the authority to suspend his indeterminate sentence or that it in fact did so. So the argument which... But, I'm sorry, he was out. You concede that he served less than 13 months for the offense. That seems clear. Okay. What is required? What is required for an offense to count? The maximum sentence, if it's an indeterminate sentence, the top of the range, has to exceed 13 months. The amount of time served does not. The only circumstance in which the amount of time served would matter is if the defendant served under 13 months because the sentence had been suspended and a sentence can only be suspended by a court, as Mr. Richardson concedes. He attempted to argue below that the sentence had been suspended. He presented evidence. The district court heard that argument, rejected it, made a finding in its motion, and it seems that Mr. Richardson wants a remand for new sentencing to make the same argument again. A remand isn't warranted under the circumstances. Do we know why he served less than 13 months? It is unclear from the record. You can finish your thought. You are out of time. The district judge speculated that he might have been released pursuant to some youth offender program in Michigan, released by the Department of Corrections. Shouldn't the judge have resolved that? I mean, it matters. The judge did resolve that there was no evidence. The judge found that the sentence had not been suspended, so he made that finding. He didn't resolve the issue of what it was that had led to Mr. Richardson's early release, but he concluded that whatever it was, it was not the suspension of the sentence. Okay, and the fact that it has to have been suspended by the court, where is that requirement? It's a principle of law, and I'd be happy to submit supplemental briefing in it, because I can't off the top of my head recall any authorities, but it's a well-established principle of law that only a court can suspend a sentence and that a government agency can't. No, no, I'm not... I must have misunderstood your question. I'm saying in analyzing whether the enhancement applies, where do we find the rule that the reason you served fewer than 13 months has to be because the court suspended the sentence? That's in the sentencing guidelines. It's section 4A1.2E1. And do you have the language that you're relying on? It says, roughly, if part of the sentence was suspended, only count the part that wasn't suspended. Okay. And the cases refer us to a judicial suspension? That's correct. And you could find those cases in the government's pleading below in response to the career offender motion. Thank you. Thank you. Please affirm the conviction and sentence. Thank you. Any rebuttal? Your Honor, the district court rejected sentencing argument below on a clear legal error that the government concedes. The district court did not consider the timeliness issue. It is the government's burden to show why. The district court merely speculated as to whether or not the sentence was suspended or whether he was paroled because they did not find it relevant as a legal matter. The 404B evidence was not piling on. This case was not conclusive. This court recognizes its ability to taint the whole trial, and that is what happened here. Several cases shorthand the 404B inquiry. Bell and Benton uphold the rule of showing how this evidence is probative. If there are no other questions, Your Honor, thank you. Thank you very much. The case is submitted. And Ms. Carletta, you had a very successful maiden voyage, and we certainly appreciate your making an argument under the Criminal Justice Act. Have a good day. Thank you.